UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRIN HALL, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                           **NO. 13-2463**

**NEW ORLEANS CITY, ET AL.**                                         **SECTION "B" (3)**

**ORDER**

Before the Court is defendants' Motion for Protective Order. [Doc. #41]. For the following reasons, the Court denies the motion.

**I.  Background**

The complaint alleges as follow. Plaintiff Darrin Hill was incarcerated in the Orleans Parish Prison and the Feliciana Forensic Unit for nearly 20 years for a 1992 rape that he did not commit. At the time of his arrest, Hill was a bipolar 26-year old with schizoaffective disorder and a borderline range of intellectual functioning. He lived with and was cared for by his mother, plaintiff Maria Hill. DNA evidence exonerated Hill of the rape in 2012 at the age of 46.

Hill alleges that his wrongful arrest, prosecution and incarceration was no inadvertent mistake. He alleges that defendants fabricated and improperly suggested an identification of him by the rape victim. He contends that without improper suggestion, the rape victim would have never identified him as the rapist. He alleges that defendant covered up exculpatory information that they discovered. Hill thus sues defendants under 42 U.S.C. § 1983 to redress the deprivation under color

of state law of his Constitutional rights.

## II.     The Parties' Contentions

### A.     Defendants' Motion for Protective Order

Defendants ask the Court to limit the time and scope of the deposition of six defendants, three of whom Hill intends to depose all day. Defendants contend that the sole purpose of the depositions is to test the recollections of the witnesses as to the investigation that occurred over 20 years ago. Defendants argue that seven hours is not necessary to accomplish this. Defendants note that this Court has limited depositions in time and scope in the past.

Defendants maintain that any line of questioning regarding the policies of the New Orleans Police Department ("NOPD") should be prohibited or severely limited. Defendants have already provided Hill with the policies in effect at the time of the investigation. Defendants ask the Court to limit each deposition to three hours and prohibit Hill from an open-ended exploration of the long-defunct policies.

### B.     Plaintiffs' Opposition

Hill seeks to question each defendant about his or her actions during the seven-week investigation of the crime with which Hill was eventually charged. Hill notes that if the questioning takes less than seven hours, he will not prolong the deposition. He has already scheduled two deponents – with limited involvement in the investigation – on one day.

Hill first argues that defendants failed to meet and confer with him before filing the motion.

Hill also maintains that defendants have failed to demonstrate good cause for a protective order. He notes that as the one deposition of defendants undertaken so far demonstrates, he does not intend to cross-examine each defendants as to the NOPD's policies at the time of the

investigation. Moreover, he argues, this argument contradicts defendants' earlier position. Hill noticed a Rule 30(b)(6) deposition as to the NOPD's procedure with regard to obtaining eyewitness descriptions. Defendants objected, arguing that Hill should first depose them before the Rule 30(b)(6) representative. Hill now obliges.

Hill argues that defendants have not made any particular demonstration of fact that would support a protective order. He contends that defendants' conclusory statements fall far short of their burden.

### C. Defendants' Reply

Defendants first note that plaintiffs deposed former NOPD officer Allen Gresset on May 30, 2014. The deposition lasted over four hours, but the testimony relating to Gresset's involvement in the rape investigation lasted no more than 20 minutes. Plaintiffs asked questions regarding Gresset's opinions as to what he would have done differently, how he would have handled the investigation of a suspect with a mental disability, and how he would have handled the line-up and identification procedures.

Defendants contend that this line of questioning seeks opinions to which, under the federal rules, lay witnesses can not testify. Defendants maintain that plaintiffs simply seek to force them to render inadmissible lay opinions to create the implication that the investigation was inadequate. Citing case law from this district, defendants note that courts have precluded fact witnesses from testifying to opinions because they are not based on the witness's perception. Defendants ask the Court to preclude, or severely restrict, this line of questioning.

Defendants also note that they have raised the affirmative defense of qualified immunity. They ask the Court to narrowly tailor the discovery to uncover only those facts needed to rule on the

3

immunity claim.

Lastly, defendants contend that plaintiffs' other arguments are moot because they have responded to plaintiffs' discovery requests and have agreed to produce a Rule 30(b)(6) representative after the fact witnesses have been deposed.

**III.    Law and Analysis**

The Federal Rules of Civil Procedure state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). To make a showing of good cause, the movant has the burden of showing the injury "with specificity." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To establish good cause, a party seeking a protective order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See Cipollone*, 785 F.2d at 1121 (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n.3 (5th Cir. 1978)) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Gen. Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204, 1212 (8th Cir. 1973); 8 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2035 (Supp. 1985). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

4

The Court finds that for the most part, defendants have not set forth a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. Defendants essentially ask this Court to issue a broad, open-ended protective order that would preclude an entire line of questioning as to the policies and procedures of the NOPD at the time of the investigation. With no evidence before it of the potential line of questioning – not even the deposition notice – this Court can not say that *every* question along those lines should be prohibited. A better tactic would be for defendants to submit the deposition notice to this Court with specific objections as to a particular deposition topic. In addition, this Court can not at this time limit each deposition to three hours when it can not divine the topics on which plaintiffs seek to depose defendants.

Notwithstanding this ruling, the Court offers the following advice to the parties to ensure that no abuse of the discovery process occurs at this stage of the litigation. The Court takes counsel for plaintiffs at their word when they represent that no deposition shall last longer than needed. And counsel shall remember that these six witnesses are fact witnesses only; counsel shall thus refrain from asking questions that seek an opinion from them. It is well-established law that fact witnesses can not offer opinion testimony at trial. Accordingly,

**IT IS ORDERED** that defendants' Motion for Protective Order [Doc. #41] is DENIED at this time.[1]

New Orleans, Louisiana, this 24th day of September, 2014.

---

[1] Neither at this time will the Court limit any discovery to the issue of qualified immunity. There is currently no motion before the District Court on this issue.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**