**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARRIN HILL, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 13-2463**

**NEW ORLEANS CITY, ET AL.**                              **SECTION "B"(3)**

## ORDER AND REASONS

### I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the Court are Defendant's, Detective Cathey Carter, "Motion for Reconsideration" (Rec. Doc. 135); Plaintiffs', Darrin Hill and Marie Hill, "Motion for Sanctions and to Strike Defendant Cathey Carter's Motion for Reconsideration" (Rec. Doc. 136); Defendants' opposition thereto (Rec. Doc. 141)[1]; as well as Plaintiffs' reply (Rec. Doc. 142). Also before the Court are Defendants', New Orleans Police Department ("NOPD") Criminologist Daniel Waguespack, Detective Allen Gressett, Sergeant Joseph Hebert, and Carter, "Motion for Leave to Supplement the Record" (Rec. Doc. 165) and Plaintiffs' corresponding response (Rec. Doc. 167).

Defendants seek to provide new evidence that was allegedly discovered after entry of this Court's January 13, 2015 Order and

---

[1] Though Plaintiffs' motion has been "triggered" by Defendant Carter's "Motion for Reconsideration" (Rec. Doc. 135), counsel for Defendant Carter likewise represent the other remaining Defendants in this case. Accordingly, this Court assumes (and counsel imply) that all Defendants have an interest in opposing Plaintiffs' Motion so as to admit the "newly discovered" evidence, especially in light of remaining Defendants' presently pending supplemental motions for summary judgment. (Rec. Docs.143-45).

1

Reasons denying in part Defendants' motion for summary judgment based on qualified immunity. Specifically, Defendants argue that such evidence warrants reconsideration of the Court's denial of qualified immunity to Defendant Carter and should also be considered when reviewing remaining Defendants' supplemental motions for summary judgment based on qualified immunity. Plaintiffs seek to have this Court exclude newly provided evidence from consideration at present and at trial,[2] to strike Defendant Carter's Motion for Reconsideration prior to requiring a response from Plaintiffs, and, alternatively, to permit Plaintiffs to take discovery regarding the allegedly new evidence prior to requiring a response.

For the reasons as stated more fully herein, **IT IS ORDERED** that Plaintiffs' "Motion for Sanctions and to Strike Defendant Cathey Carter's Motion for Reconsideration" (Rec. Doc. 136) is **DENIED**; Defendants' "Motion for Leave to Supplement the Record" (Rec. Doc. 165) is **GRANTED**; and Defendant Carter's "Motion for Reconsideration" (Rec. Doc. 135) is **DENIED**.

## II. FACTS AND PROCEDURAL HISTORY

This case arises out of the incarceration of Plaintiff, Darrin Hill, for nearly two decades for an aggravated rape, kidnapping, and attempted burglary of which he was eventually exonerated via

---

[2] Though Plaintiffs wholly object to any admission of the evidence supplied in Defendant Carter's motion, Plaintiffs only object to consideration of the more recently supplied evidence for the purposes of Defendants' pending motions.

DNA evidence. A more detailed factual background can be found in this Court's January 13, 2015 Order,[3] and in the Fifth Circuit's Judgment issued as the mandate on April 6, 2016. *See Hill v. New Orleans City*, No. 15-30062, 2016 WL 1055736, at *1-3 (5th Cir. Mar. 15, 2016); (*see also* Rec. Doc. 126 at 5-9). More important for the instant motion, however, is a review of the procedural background.

On April 25, 2013, Hill and his mother filed the instant suit pursuant to 42 U.S.C. § 1983, naming as Defendants the City of New Orleans and multiple NOPD employees. (Rec. Doc. 1 at 1). Hill claimed that the Defendants violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, as well as Title II of the Americans with Disabilities Act ("ADA"). (Rec. Doc. 1 at 28-42). Plaintiffs also brought several Louisiana state law claims. (Rec. Doc. 1 at 42-47). On November 21, 2014, the NOPD Defendants moved for summary judgment on the basis of qualified immunity, arguing that Hill's Fourth and Fourteenth Amendment claims failed because there had been probable cause to arrest him. (Rec. Doc. 105). On January 13, 2015, this Court granted summary judgment in favor of Defendants on Hill's Fourth Amendment and ADA claims, but denied summary judgment on Hill's Fourteenth Amendment claims and Plaintiffs'

---

[3] *Hill v. New Orleans City*, No. CV-13-2463, 2015 WL 222185, at *1-3 (E.D. La. Jan. 13, 2015), *dismissed in part, remanded in part*, No. 15-30062, 2016 WL 1055736 (5th Cir. Mar. 15, 2016); (*see also* Rec. Doc. 117 at 1-9).

state law claims. *Hill*, 2015 WL 222185, at *18; (*see also* Rec. Doc. 117 at 52).

Regarding Hill's Fourteenth Amendment claims, this Court held that Hill offered sufficient evidence to create genuine disputes of material fact as to whether (1) Defendants employed an unduly suggestive lineup procedure to obtain a false identification of Hill; (2) Defendants suppressed evidence calling into question the credibility of the victim's identification of Hill; (3) the victim's boyfriend was shown a photographic lineup and, if so, Defendants suppressed evidence that he identified someone other than Hill; (4) Defendant Carter deliberately suppressed potentially exculpatory evidence relating to the lack of connection between Hill and the address listed on the checkbook recovered from the victim's boyfriend's car; and (5) Defendant Carter and/or other Defendants deliberately suppressed the DNA evidence that ultimately led to Hill's exoneration. *Hill*, 2015 WL 222185, at *6-9; (*see also* Rec. Doc. 117 at 17-28). Defendants appealed, seeking interlocutory review of the denial of summary judgment on qualified immunity as to Hill's Fourteenth Amendment claims. (Rec. Doc. 119).

In the Judgment issued as the Mandate on April 4, 2016, the United States Fifth Circuit Court of Appeals dismissed the appeal as to Defendant Carter and remanded it with regard to the other Defendants, finding that this Court only set forth disputed facts

4

specific to Defendant Carter and the defense of qualified immunity required an analysis for each individual defendant. *Hill*, 2016 WL 1055736, at *5-6; (*see also* Rec. Doc. 126 at 13-14). On April 29, 2016, this Court adopted the parties' proposed schedule for supplemental summary judgment briefing on this limited issue. (Rec. Doc. 134). Defendants' supplemental motions for summary judgment have been filed and are presently pending before this Court (Rec. Docs. 143-45), though consideration has been delayed significantly in light of various complications as imposed by the parties, as detailed below.

On May 4, 2016, Defendant Carter filed the instant Motion for Reconsideration of this Court's January 13, 2015 Order and Reasons, attaching evidence that was not supplied in conjunction with Defendants' original motion for summary judgment. (Rec. Doc. 135). Specifically, Defendant Carter attached a copy of John R. Dildy's Trial Report for Darrin Hill, dated February 11, 1999. (Rec. Doc. 135-4). The Trial Report states that there was "[a] consent to adjudication N.G.B.R.I. per C. Cr. Proc. Art. 558.1 was entered and the defendant was remanded to F.F.F." (Rec. Doc. 135-4).[4] In addition to the Trial Report, Defendant Carter attached the affidavit of Dildy, who stated that he was the Senior Assistant

---

[4] *See* La. Code Crim. Proc. art. 558.1 ("The court may adjudicate a defendant not guilty by reason of insanity without trial, when the district attorney consents and the court makes a finding based upon expert testimony that there is a factual basis for the plea.").

District Attorney for the Orleans Parish District Attorney's Office in Section D during the time period when Darrin Hill's case was pending in that section. (Rec. Doc. 135-3 at 1). In his affidavit, Dildy stated that "on February 11, 1999, the prosecution and the defense consented to adjudication of Not Guilty By Reason of Insanity without a trial pursuant to Louisiana Code of Criminal Procedure article 558.1." (Rec. Doc. 135-3 at 2). Dildy concluded that, "[i]nsofar as [he was] aware, the criminal court judge entered the adjudication of Not Guilty By Reason of Insanity without reviewing any evidence and making findings of fact as to whether Darrin Hill committed any of the acts of which he was accused." (Rec. Doc. 135-3 at 2).

Relying on Dildy's Declaration and the Trial Report, Defendant Carter argues that this new evidence warrants reconsideration of the Court's prior decision on Defendant's qualified immunity as to Hill's Fourteenth Amendment claims. (Rec. Doc. 135 at 1). Particularly, Defendant Carter argues that this new evidence proves that Darrin Hill never had a trial, so as to preclude any claim based on due process. (Rec. Doc. 135 at 1). In response, Plaintiffs filed their Motion, seeking to exclude the new evidence, to strike Defendant Carter's motion, and, alternatively, leave to allow Plaintiffs to take discovery on the new evidence prior to requiring a response. (Rec. Doc. 136).

Subsequently, Defendants filed their "Motion for Leave to Supplement the Record" (Rec. Doc. 165), seeking to provide additional evidence that has allegedly been discovered since the filing of Defendant Carter's Motion for Reconsideration. Defendants argue that the evidence – which includes a transcript from the February 11, 1999 proceeding – further supports their arguments presented in Defendant Carter's Motion for Reconsideration, and should likewise be considered with regard to Plaintiffs' motion as well as Defendants' supplemental motions for summary judgment. Plaintiffs oppose such an application of this evidence, but consent to its use at trial of the above-captioned matter.

## III. LAW AND ANALYSIS

As detailed below, this Court concludes that Plaintiffs' Motion should be denied, so as to warrant review of Defendant Carter's Motion. Additionally, as Defendants requested consideration of their Motion for Leave to Supplement the Record prior to deliberation on other motions, it is also before this Court. In light of the numerous filings in this extremely contentious matter, this Court will individually assess each pending motion, with the exception of the supplemental motions for summary judgment. In doing so, Defendants' procedural presentation of important issues documents questionable tactics that will no longer be tolerated.

**A. Plaintiffs' Motion for Sanctions and to Strike Defendant Cathey Carter's Motion for Reconsideration**

As previously stated, Plaintiffs seek to have this Court exclude Dildy's declaration and Trial Report from consideration at present and at trial and to strike Defendant Carter's Motion for Reconsideration prior to requiring a response from Plaintiffs. (Rec. Doc. 136 at 1). Plaintiffs aver that the aforementioned sanctions are warranted based on Defendants' violation of the Court's scheduling orders. Specifically, Plaintiffs point to Defendants' failure to disclose this evidence until long after the close of discovery and after the Court's June 2015 summary judgment decision and Defendant Carter's untimely Motion for Reconsideration on that decision, based exclusively on the late-proffered evidence. Alternatively, Plaintiffs seek permission to depose Dildy, prior to requiring a response to Defendant Carter's Motion. (Rec. Doc. 136-2 at 24). This Court will discuss each requested remedy, but ultimately concludes that an alternative solution is appropriate.

**1. Standard for Sanctions**

Federal Rule of Civil Procedure 16(f) allows the court to impose sanctions for various conduct relative to pretrial matters, including the failure to adhere to scheduling orders. It provides, "On motion or on its own, the court may issue any just orders . . . including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Those orders authorized under the referenced Rule 37 include:

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)   dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). This list is not exhaustive and "Rule 16(f) gives the trial court wide authority to impose effective sanctions[.]" *John v. State of La.*, 899 F.2d 1441, 1448 (5th Cir. 1990).

Rule 16(f) serves the purpose of "encourage[ing] forceful judicial management" throughout litigation and "improv[ing] the quality of the trial through more thorough preparation[.]" *Id.* (citation and internal quotation marks omitted). Accordingly, "prejudice resulting from a party's noncompliance with the rules need not be shown[.]" *Id.* However, "[o]ne of the sanctions authorized by Rule 16(f), by reference to Rule 37, is dismissal of the case." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1518 (5th Cir. 1985). In the case of such an extreme

sanction, there are typically one or more of three "aggravating factors" present. *Id.* at 1519.

### 2. Discussion

As will be discussed, exclusion of the evidence is too harsh a sanction, such that striking Defendant Carter's Motion on this basis is not warranted at this time. Still, Plaintiffs should be afforded some relief in the form of an opportunity to conduct additional discovery prior to trial, if they so desire. Finally, this Court holds that the procedural facts of this case do not justify striking Defendant Carter's Motion based on untimeliness.

### a. Exclusion of Evidence

Under Rule 16(f) and Rule 37, the Court may sanction a party for violation of a discovery order by "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The courts have employed a four-part test when deciding whether to exclude evidence as a sanction for violating a discovery order. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Though initially applied in the context of expert testimony, *see id.*, the test is not exclusive to that type of evidence. *See Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 390 (5th Cir. 2009) (citing *Barrett*, 95 F.3d at 380). The relevant factors include: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the [evidence to be

admitted]; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the [evidence]." *Id.*

Here, there is no doubt that the evidence sought to be admitted is "late" in accordance with the Court's Scheduling Order.[5] As stated in this Court's Order entered on November 25, 2014, "the deadline for completion of discovery of factual matter is hereby continued to January 15, 2015." (Rec. Doc. 108 at 1). This continuance provided Defendants – whether they choose to use it or not – an additional two months to acquire relevant evidence on a suit filed nearly two years prior. (*See* Rec. Doc. 51) ("[A]ll discovery shall be completed no later than November 18, 2014."); (*see also* Rec. Doc. 1). Nonetheless, Defendants did not bring the evidence to the Court's attention until May 4, 2016, almost fifteen months later, when Defendant Carter's Motion for Reconsideration was filed. (Rec. Doc. 135).

Defendants provide no legitimate explanation for their failure to comply. Instead, Defendants seem to allege that it was Plaintiffs' burden to obtain this evidence, which they failed to do. (*See* Rec. Doc. 141 at 12) ("Plaintiffs conducted almost no discovery on Darrin Hill's criminal proceedings, outside their failed attempts to obtain complete records of the proceedings from the criminal court and DA's Office."). Due to Plaintiffs'

---

[5] "The Court will not permit . . . any exhibits to be used unless there has been compliance with this Minute Entry as it pertains to . . . exhibits, without an order to do so issued on motion for good cause shown." (Rec. Doc. 51 at 2).

"failure," Defendants claim that they assumed Plaintiffs were no longer pursuing their Fourteenth Amendment claims,[6] despite those claims appearing multiple times in Plaintiffs' Complaint. (*See* Rec. Doc. 1 at 28-39). In light of their unjustifiable (and questionable) beliefs, Defendants necessarily admit that they did not conduct discovery on this issue prior to filing their Motion for Summary Judgment on November 17, 2014, which focused on other factual evidence. (Rec. Docs. 100, 104, 105).

As such, it appears Defendants' failure to comply with the Scheduling Order was the result of their own tactical decision to pursue summary judgment based on other arguments regarding qualified immunity. It was not until this Court rejected Defendants' summary judgment arguments as to Plaintiffs' Fourteenth Amendment claims on January 13, 2015 that Defendants acquired this allegedly new evidence. Following this, Defendants did not seek to introduce the new evidence (and their new argument) until the Fifth Circuit likewise rejected their original qualified immunity arguments as they pertained to Hill's claims against Defendant Carter under the Fourteenth Amendment.

Nevertheless, Defendants have provided e-mail correspondence that suggests the new evidence was obtained in pursuit of their appeal, and certainly during the pendency of their appeal, just

---

[6] (*See* Rec. Doc. 141 at 12) ("For these reasons, Defendants reasonably concluded that Plaintiffs had abandoned their 14th Amendment claims.").

four months after the close of discovery. (*See* Rec. Doc. 141-4 at
2) (May 21, 2015 e-mail from defense counsel to opposing counsel
states, "In supplemental response to your discovery requests,
please find attached a document we received yesterday.").
Additionally, the e-mail correspondence highlights that Defendants
disclosed this new evidence to Plaintiffs almost one year prior to
it coming to the attention of this Court and, at that time,
Plaintiffs acknowledged that additional discovery might be needed
as a result. (Rec. Docs. 141-4, 141-5).[7] Further, this Court points
out that its Order and Reasons, which prompted the parties to move
to stay the matter until Defendants' interlocutory appeal was
resolved, was filed prior to the deadline for discovery. (*See* Rec.
Docs. 117-20).

Second, and as was just noted, allowing Defendants to offer
this evidence would not prejudice Plaintiffs, who have known of
its existence for more than one year and well in advance of trial.
*See United States v. Archbold-Manner*, 581 F. Supp. 2d 22 (D.D.C.
2008) (holding that the exclusion of evidence was not warranted
based on the government's failure to provide discovery to the
defendants until it was long overdue, to meet court ordered
discovery deadlines, and to act with urgency while the defendants
were in jail awaiting trial because the government's conduct was

---

[7] (*See also* Rec. Doc. 141-6) (May 22, 2015 email from Plaintiffs' counsel
stating, "Once we are back in the district court preparing for trial we can see
what, if any, additional discovery is needed.").

not in bad faith and the defendants still had time to use discovery materials that the government provided in advance of trial). Any prejudice at this juncture is due to Plaintiffs' own failure to look into the disclosed materials. This Court observes the peculiarity of Plaintiffs' motion to strike the same evidence that Plaintiffs formerly recognized might require additional discovery. Because Defendants' violation of the Scheduling Order is not the reason for any resulting prejudice to Plaintiffs, curing that prejudice with a continuance is not necessary.

Finally, the Court recognizes some value of the evidence, though it makes no conclusion as to its weight at this time. Plaintiffs' remaining claims are based on due process under the Fourteenth Amendment. Therefore, any evidence of the process afforded to Darrin Hill – or the lack thereof – is of the utmost import in this matter. The evidence sought to be offered relates to what occurred on February 11, 1999, the day Darrin Hill was adjudicated "not guilty by reason of insanity" and consequently incarcerated. For these reasons, excluding the evidence in its entirety would offend the interests of justice.

### b. Permitting Additional Discovery

Under Rule 16(f), the Court "may issue any just orders" when a party violates "a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Though this Court has decided to deny Plaintiffs' motion inasmuch as it seeks to exclude the evidence,

14

it does not follow that Plaintiffs should be deprived of all relief. Rather, in light of the foregoing discussion and decision, this Court concludes that Plaintiffs should be given the opportunity to conduct additional discovery. After all, it appears that this is what the parties initially contemplated upon Defendants' disclosure of the evidence when it was discovered. (*See* Rec. Doc. 141-6) (May 22, 2015 email from Plaintiffs' counsel stating, "Once we are back in the district court preparing for trial we can see what, if any, additional discovery is needed."). Thus, the parties are not prohibited from conducting additional discovery.[8]

### c. Striking Defendant's Motion

Under Rule 16(f) and Rule 37, the Court may sanction a party for violation of a Scheduling Order by "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii).[9] A motion is not a pleading, as it is not a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or a third-party answer. *See* Fed. R. Civ. P. 7(a) (defining pleadings); *see also Chaverri v. Dole Food Co.*, No. CV-11-1289,

---

[8] This opportunity need not be afforded prior to requiring a response to Defendant Carter's Motion, because this Motion must likewise be denied as discussed, *infra*.

[9] Plaintiffs argue that Defendant Carter's Motion should be stricken because it is based exclusively on the new evidence previously discussed and because it was likewise filed in violation of the Scheduling Order. Because this Court has already determined that the evidence need not be excluded, Defendant Carter's Motion should not be stricken based on this argument and we do not discuss remedies available under Fed. R. Civ. P. 37(b)(2)(A)(ii).

2012 WL 2087409, at *2 (E.D. La. June 8, 2012) ("Pleadings do not include motions[.]"); *Jackson v. State Farm Fire & Cas. Co.*, No. CV-06-7202, 2010 WL 724108, at *10 (E.D. La. Feb. 22, 2010) ("[M]otions are not 'pleadings' . . . ."). Nevertheless, the district court may issue any just order in its discretion if a party fails to obey a scheduling order. *See* Fed. R. Civ. P. 16(f)(1)(C); *see also Equal Rights Cent. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (noting that district court has discretion to dismiss a motion for failure to comply with the meet and confer requirement). Moreover, this Court's Scheduling Order provides that "[a]ny motions filed in violation of this order shall be deemed waived unless good cause is shown." (Rec. Doc. 51 at 1).

Again, it is undisputed that Defendant Carter's Motion for Reconsideration (Rec. Doc. 135) is "late" in accordance with the Court's Scheduling Order and therefore filed in violation of that Order. As stated in this Court's Order entered on October 15, 2014, the deadline for submitting case-dispositive pretrial motions was December 3, 2014. (Rec. Doc. 82). Defendant Carter's Motion for Reconsideration was filed on May 4, 2016. (Rec. Doc. 135). Still, this Court notes that Defendant Carter's Motion seeks reconsideration of this Court's January 13, 2015 Order and Reasons. Consequently, Defendant Carter's Motion could not have been filed in accordance with the Scheduling Order, as it was only prompted

by an Order entered after the expiration of the deadline for case-dispositive motions.

Additionally, when Defendants sought interlocutory review of that Order and Reasons, the parties *jointly* moved to stay the proceedings pending the Fifth Circuit's resolution of the appeal after a full acknowledgement that the "appeal [would] divest the Court of jurisdiction over those aspects of the case that [were] under review[,]" but that the Court could "still proceed with matters not involved in the appeal[.]" (Rec. Doc. 118 at 1) (quoting *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007)) (internal quotations omitted).[10] The Court granted this Motion on January 23, 2015 (Rec. Doc. 120) and the Fifth Circuit's Judgment was not issued as the mandate until April 6, 2016. (Rec. Doc. 126). Defendant Carter's Motion for Reconsideration was filed less than one month later. In light of this, striking Defendant Carter's Motion is too harsh a penalty.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Sanctions and to Strike Defendant Cathey Carter's Motion for Reconsideration is **DENIED**, subject to the parties' opportunity to conduct additional discovery.

### B. Defendants' Motion for Leave to Supplement the Record

---

[10] As will be discussed, evidentiary questions regarding factual disputes like the ones at issue here are matters retained by the district court for review, as they are not immediately appealable. Thus, the parties could have agreed to resolve the instant dispute at a sooner date, but instead selected to stay the proceedings.

Defendants likewise move for leave to supplement the record, arguing that consideration of the attached trial transcripts is necessary prior to a review of any of the parties' pending motions. Plaintiffs do not object to the admission of this evidence, but argue that it should not be presented in contemplation of the pending motions. In light of the foregoing discussion regarding Dildy's declaration and Trial Report, it follows that this evidence should also be admissible, subject to the parties' ability to conduct further exploration as to Darrin Hill's adjudication of not guilty by reason of insanity. Because this Court has already determined that denial of Plaintiffs' motion is appropriate under the circumstances, it is unnecessary to apply this evidence to that motion.

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Leave to Supplement the Record is **GRANTED**, again conditional on the parties' rights to conduct further discovery, and leaving open the availability of financial sanctions.

### C. Defendant Cathey Carter's Motion for Reconsideration

Defendant Carter's Motion for Reconsideration seeks reconsideration pursuant to Rule 54(b) of this Court's January 13, 2015 Order and Reasons, which granted in part and denied in part Defendants' motion for summary judgment. (Rec. Doc. 117). Defendant argues that the new evidence acquired from Dildy warrants reconsideration of the Court's prior decision on Defendant's

qualified immunity as to Darrin Hill's Fourteenth Amendment claims. (Rec. Doc. 135 at 1). Specifically, Defendant Carter argues that this new evidence proves that Darrin Hill never had a trial, so as to preclude any claim based on due process. (Rec. Doc. 135 at 1). For the reasons to follow, Defendant Carter's motion cannot prevail.

### 1. Standard for Reconsideration Pursuant to Rule 54(b)

Federal Rule of Civil Procedure 54(b) allows the Court to revise certain interlocutory orders prior to entry of judgment that terminates the action. It states, "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010)). This broad procedural power, reviewed only for abuse of discretion, must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414 (5th Cir. 1993); *see*

*also* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (2d ed. 2016).

"The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Lightfoot v. Hartford Fire Ins. Co.*, No. CV- 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012) (citations omitted). Accordingly, "[c]ourts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard[.]" *Id.* These factors include determining whether:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.

*Id.* (citations omitted). As with Rule 59(e), Rule 54(b) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at *3 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

### 2. Discussion

Here, it is undisputed that Defendants have come forward with what is an abundance of "newly discovered" evidence, as Didly's

declaration, Dildy's Trial Report, and the transcripts from February 11, 1999 were not obtained until after this Court's January 13, 2015 Order and Reasons. In their motion to strike, Plaintiffs argue that Defendant's Motion for Reconsideration is not warranted because, in addition to numerous other reasons, it is not based on evidence that was "previously unavailable." This Court agrees that the evidence was previously available, as it was generated by an event in 1999 and obviously did not magically resurface in the absence of some pursuit by the parties. Nevertheless, the Court need not address whether such an argument merits denial.

### a. Scope of Rule 54(b) and Qualified Immunity

First, this Court briefly addresses whether it is procedurally proper to consider a motion for reconsideration pursuant to Rule 54(b) when it is based on an order that was previously appealed. Typically, a denial of summary judgment is an interlocutory order under Rule 54(b), which the Court "may reconsider and reverse any time before entering final judgment." *Millar v. Houghton*, 115 F.3d 348, 350 (5th Cir. 1997). However, the Fifth Circuit has recognized an exception to Rule 54(b) under the collateral order doctrine allowing for the immediate appeal of *some* denials of summary judgment based upon qualified immunity. *Cantu v. Rocha*, 77 F.3d 795, 802 (5th Cir. 1996) (emphasis added). Specifically, "[a]ppeals from district court orders denying

summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, when based on an issue of law." *Id.* As the parties are aware, Defendants previously sought this relief.

Consequently, the Court must ask whether it is now possible for a party to challenge an order – already deemed appealable and on remand from such action – under a mechanism reserved for review of interlocutory orders. As previously alluded, the Fifth Circuit has concluded that a district court's denial of qualified immunity based upon evidentiary sufficiency is not within the narrow exception of the collateral order doctrine, and is considered interlocutory rather than final. *Id.* (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). Thus, in cases such as the instant one where Defendant Carter's Motion for Reconsideration is based on the sufficiency of the evidence to support denial of qualified immunity, Rule 54(b) allows this Court to reconsider its prior ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui*, 595 F.3d at 210–11) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

Though the procedural history in this case is admittedly peculiar, this Court is unaware of any basis to defer exercising

its authority under Rule 54(b) in the present circumstances. As pointed out by the Fifth Circuit, Defendants' instant argument was not properly appealable, as it concerned an issue of fact that this Court had already entered a finding on. The Fifth Circuit correctly reminded that it did "not have jurisdiction on an interlocutory appeal from a denial of summary judgment to determine 'whether or not the pretrial record sets forth a 'genuine' issue of fact for trial.'" *Hill*, No. 15-30062, 2016 WL 1055736, at *4 (quoting *Johnson*, 515 U.S. at 319). Therefore, it did not reach the issue of whether Darrin Hill went to trial. *Id.* at *2 n.5 ("The defendants place a great deal of stress on the lack of evidence in the record regarding the details of the judicial proceeding that resulted in Hill being found not guilty by reason of insanity. They argue that the record does not definitively establish whether Hill went to trial. The district court found, however, that Hill was tried."). This Court accordingly concludes that it is within its broad discretion to reconsider its January 13, 2015 Order and Reasons, as long as that reconsideration is limited to evidentiary issues of fact.

### b. Application of Rule 54(b) to Relevant Facts

Though Rule 54(b) allows the Court to revise interlocutory orders "at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities[,]" as with Rule 59(e), grant of such an "extraordinary remedy . . . should be

used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Notably, reconsideration under Rule 54(b) of qualified immunity would essentially provide Defendants three opportunities to advance their arguments – first by summary judgment, second by appeal, and third in this instance. While granting a motion pursuant to Rule 54(b) is considered "extraordinary" on its own, to do so in light of the procedural background of the instant case would exceed such extraordinariness.

"The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (citation omitted). Thus, Rule 54(b) motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Crawford v. Louisiana*, No. CV-14-1190, 2015 WL 2037915, at *3 (E.D. La. Apr. 30, 2015) (citations omitted). Though a motion under Rule 54(b) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,]" it "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (citations omitted).

Though Defendants seem to aver that they could not possibly have been aware of this argument in the absence of this "new"

evidence,[11] this Court remarks that Defendants had over eighteen
months between the initiation of this suit and the filing of their
motion for summary judgment to construct their legal theories and
conduct discovery accordingly. It is not the case – as in many
instances where qualified immunity is at issue – that Defendants
filed their first motion for summary judgment prior to any
discovery. *See, e.g.*, *Enlow v. Tishomingo Cty., Miss.*, 962 F.2d
501, 507 (5th Cir. 1992) (stating that it was within the district
court's discretion to allow a successive motion for summary
judgment on the basis of qualified immunity, when the first motion
was filed prior to discovery at the outset of the case).[12]
Defendants' apparent unawareness of this legal theory and
accusations against Plaintiffs for causing the same do not excuse
Defendants for failing to pursue this argument until this late
juncture. Even with new available evidence, Defendants should not
be permitted to craft yet another legal argument in the wake of
the perceived failure of their previous arguments. To allow such

---

[11] "In light of the fact that the Court—and admittedly, the parties—did not
fully understand the process of Darrin Hill's prosecution and adjudication, the
Court should also reexamine its remaining findings." (Rec. Doc. 135-1 at 17).

[12]       The district court . . . opted to allow a successive
          motion for summary judgment. Such a determination,
          particularly regarding questions of the timing and
          sequence of motions in the district court, best lies at
          the district court's discretion. At the outset of the
          litigation, prior to discovery, [defendant] moved for
          summary judgment on the basis of qualified immunity. At
          that juncture, the district court found that questions
          of material fact remained. [The] second summary
          judgment motion then followed discovery and amendment
          of the pleadings.

*Id.* (internal citations omitted).

action would offend this Court's interest in finality, especially
when Defendants are not deprived the benefit of a just decision
rendered on the basis of all the facts in the context of a trial.

Further, though this Court rejects Defendant Carter's Motion
for Reconsideration so as to obviate the need for a discussion of
the newly provided evidence, it notes that such evidence does not
appear dispositive. Rather, the conflicting evidence suggests in
some instances that Darrin Hill entered a plea, while in others
that an adjudication by means of trial-like procedures was
employed.[13] As Defendants somewhat concede, "Darrin Hill's trial
and conviction ha[s] been, at the very least, called into question
by this new evidence." (Rec. Doc. 141 at 11). Such a minimal
showing is insufficient for purposes of summary judgment relief
and amending this Court's prior Order and Reasons to reflect this
novel ambiguity would not benefit Defendants. Nevertheless, to the
extent this Court affirmatively stated in its prior Order and
Reasons that Darrin Hill was tried – based solely on the

---

[13] In the transcript from February 11, 1999, the court remarked that the case
"is set for trial today[,]" that the court and parties "are here for trial
today[,]" and that the parties are "submitting on the evidence that has
previously been introduced in the pretrial hearings . . . [a]nd[] making that
a part of the trial today[.]" (Rec. Doc. 165-1 at 3-4). Rather confusingly, in
the Criminal District Court Docket, the minute entry from that day states that
"Defendant appeared in Court attended by Counsel," who "entered a plea of not
guilty[.]" (Rec. Doc. 136-4 at 2). This apparent contradiction is clarified in
the March 2, 1999 transcript, where the court discussed the error in the prior
minute entry. (Rec. Doc. 165-1 at 11-12) ("So, on February 11th, the Minute
Entry is incorrect. . . . It should [sic] indicate that he was found not guilty,
because this is incorrect. He pled not guilty by reason of insanity, and he was
found not guilty by reason of insanity."). Correspondingly, the minute entry
from this date states that "on 2/11/99 Defendant was found not guilty by reason
of insanity[.]" (Rec. Doc. 136-4 at 2).

representations of the parties and this fact being undisputed at that time – it acknowledges that this fact is now in dispute and will need to be resolved by the factfinder at trial.

Accordingly, **IT IS ORDERED** that Defendant Carter's Motion for Reconsideration is **DENIED**.

## IV. CONCLUSION

For the reasons as stated herein,

**IT IS ORDERED** that Plaintiffs' "Motion for Sanctions and to Strike Defendant Cathey Carter's Motion for Reconsideration" (Rec. Doc. 136) is **DENIED** and Defendants' "Motion for Leave to Supplement the Record" (Rec. Doc. 165) is **GRANTED**, subject to the parties' ability to conduct further discovery on the contested issue; and

**IT IS FURTHER ORDERED** that Defendant Carter's "Motion for Reconsideration" (Rec. Doc. 135) is **DENIED** and all pending motions regarding continuing the submission of this motion (Rec. Docs. 170, 172) are **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 8th day of August, 2016.

SENIOR UNITED STATES DISTRICT JUDGE