**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**DARRIN HILL, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 13-2463**

**NEW ORLEANS CITY, ET AL.**                                     **SECTION "B"(3)**

**ORDER AND REASONS**

Before the Court are Defendants', City of New Orleans, et al "Supplemental Memorandum in Support of Defendant Daniel Waguespack's Motion for Summary Judgment" (Rec. Doc. 143), "Supplemental Memorandum in Support of Defendant Allen Gressett's Motion for Summary Judgment" (Rec. Doc. 144), "Supplemental Memorandum in Support of Defendant Joseph Hebert's Motion for Summary Judgment" (Rec. Doc. 145), "Plaintiffs' Consolidated Memorandum in Opposition to Defendants Hebert's, Gressett's, and Waguespack's Supplemental Motions for Summary Judgment" (Rec. Doc. 152), "Defendant Allen Gressett's Reply Memorandum" (Rec. Doc. 162), "Defendant Joseph Hebert's Supplemental Reply Memorandum" (Rec. Doc. 163) and "Reply Memorandum in Support of Defendant Daniel Waguespack's Motion for Summary Judgment" (Rec. Doc. 164).

For the reasons set forth below,

**IT IS ORDERED** that the Defendants' Motions for Summary Judgment (Rec. Docs. 143, 144 and 145) are **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of the incarceration of Plaintiff, Darrin Hill, for nearly two decades for an aggravated rape, kidnapping, and attempted burglary of which he was eventually exonerated via DNA evidence. A more detailed factual background can be found in this Court's January 13, 2015 Order,[1] and in the Fifth Circuit's Judgment issued as the mandate on April 6, 2016. *See Hill v. New Orleans City*, No. 15-30062, 2016 WL 1055736, at *1-3 (5th Cir. Mar. 15, 2016); (*see also* Rec. Doc. 126 at 5-9). More important for the instant motion, however, is a review of the procedural background.

On April 25, 2013, Hill and his mother filed the instant suit pursuant to 42 U.S.C. § 1983, naming as Defendants the City of New Orleans and multiple NOPD employees. (Rec. Doc. 1 at 1). Hill claimed that the Defendants violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, as well as Title II of the Americans with Disabilities Act ("ADA"). (Rec. Doc. 1 at 28-42). Plaintiffs also brought several Louisiana state law claims. (Rec. Doc. 1 at 42-47). On November 21, 2014, the NOPD Defendants moved for summary judgment on the basis of qualified immunity, arguing that Hill's Fourth and Fourteenth Amendment claims failed because there had

---

[1] *Hill v. New Orleans City*, No. CV-13-2463, 2015 WL 222185, at *1-3 (E.D. La. Jan. 13, 2015), *dismissed in part, remanded in part*, No. 15-30062, 2016 WL 1055736 (5th Cir. Mar. 15, 2016); (*see also* Rec. Doc. 117 at 1-9).

been probable cause to arrest him. (Rec. Doc. 105). On January 13, 2015, this Court granted summary judgment in favor of Defendants on Hill's Fourth Amendment and ADA claims, but denied summary judgment on Hill's Fourteenth Amendment claims and Plaintiffs' state law claims. *Hill*, 2015 WL 222185, at *18; (*see also* Rec. Doc. 117 at 52).

Regarding Hill's Fourteenth Amendment claims, this Court held that Hill offered sufficient evidence to create genuine disputes of material fact as to whether (1) Defendants employed an unduly suggestive lineup procedure to obtain a false identification of Hill; (2) Defendants suppressed evidence calling into question the credibility of the victim's identification of Hill; (3) the victim's boyfriend was shown a photographic lineup and, if so, Defendants suppressed evidence that he identified someone other than Hill; (4) Defendant Carter deliberately suppressed potentially exculpatory evidence relating to the lack of connection between Hill and the address listed on the checkbook recovered from the victim's boyfriend's car; and (5) Defendant Carter and/or other Defendants deliberately suppressed the DNA evidence that ultimately led to Hill's exoneration. *Hill*, 2015 WL 222185, at *6-9; (*see also* Rec. Doc. 117 at 17-28). Defendants appealed, seeking interlocutory review of the denial of summary judgment on qualified immunity as to Hill's Fourteenth Amendment claims. (Rec. Doc. 119). In the Judgment issued as the Mandate on

April 4, 2016, the United States Fifth Circuit Court of Appeals dismissed the appeal as to Defendant Carter and remanded it with regard to the other Defendants, finding that this Court only set forth disputed facts specific to Defendant Carter and the defense of qualified immunity required an analysis for each individual defendant. *Hill*, 2016 WL 1055736, at *5-6; (*see also* Rec. Doc. 126 at 13-14).

On April 29, 2016, this Court adopted the parties' proposed schedule for supplemental summary judgment briefing on this limited issue that will be decided in the instant Order and Reasons. (Rec. Doc. 134). Before this court are Motions for Summary Judgment filed on behalf of NOPD Criminalist Daniel Waguespack, Detective Allen Gressett and Sergeant Joseph Hebert.

**II. LAW AND ANALYSIS**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving

4

party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid

summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Under the standard as interpreted by the Fifth Circuit, "the doctrine of qualified immunity protects government officials from civil damages liability when they reasonably could have believed that their conduct was not barred by law, and immunity is not denied unless existing precedent places the constitutional question beyond debate." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). When evaluating whether or not an official could reasonably believe that their conduct was not barred by law, "the court asks whether the law so clearly and unambiguously prohibited the conduct that every reasonable official would understand that what he is doing violates the law." *Fletcher*, 718 F.3d at 503. The Fifth Circuit Court of Appeals examines whether there are facts present demonstrating that each defendant (1) violated a constitutional right that was (2) clearly established at the time of the violation (3) through conduct that was objectively unreasonable. *Mowbray v. Cameron County*, 274 F.3d 269, 279 (5th Cir. 2001). This Court will determine whether the Plaintiffs' have submitted sufficient facts demonstrating that Daniel Waguespack, Allen Gressett and Joseph Hebert should not be able to assert qualified immunity.

**A. Waguespack's Motion for Summary Judgment**

Defendants contend that Plaintiffs' did not present any evidence demonstrating that NOPD Criminalist Daniel Waguespack violated any of Darrin Hill's constitutional rights. Waguespack examined the victim's underwear for semen, hair and blood inside of the NOPD crime lab after the crime took place. On July 8, 1992 Waguespack reported to Detective Carter that the underwear did not contain any forensic evidence according to his examination. Plaintiffs' allege that there is a triable issue of fact as to what type of test Waguespack used on the underwear.

At issue is whether he did phosphatase and microscopic examinations or whether he only conducted a phosphatase examination. There is contested evidence that he conducted both examinations and then failed to report the exculpatory results from the microscopic examination. Plaintiffs' base this allegation upon Mr. Waguespack's alleged inconsistency in his testimony regarding whether he conducted both a microscopic test and a phosphatase test in 1992 when he conducted his examination. In the Motion for Summary Judgment Waguespack claims that he only conducted the Phosphatase test and not the microscopic test. (Rec. Doc. 143 at 6). However Mr. Waguespack's deposition testimony equivocates regarding whether or not a microscopic test was given. (*See*, Rec. Doc. 143-25, Waguespack Dep. at 77:23-78:16, 122:8-24).

Defendants in their reply argue that these equivocations can be explained through Waguespack's use of qualifying phrases such as "generally" before his answers and that he lacked his notes during the deposition so he was unsure as to what procedures he followed. However, it would be inappropriate to make such interpretive conclusions at this stage as that would involve a prohibited weighing of the evidence. A reasonable jury could determine that Waguespack conducted a microscopic test and concealed the results as evidenced by his inconsistent responses. Tampering with such exculpatory evidence would rise to the level of a constitutional violation and defeat any claims of qualified immunity. Conversely, a reasonable jury could also find that Waguespack did not conduct the test and hence not liable to Plaintiffs.

**B. Gressett's and Hebert's Motions for Summary Judgment**

Defendants argue that Detectives Gressett's and Sergeant Hebert's personal involvement in Detective Carter's misconduct was minimal and therefore Plaintiffs' cannot bring claims against them. That argument presents a closer issue here. However, liability on Gressett and Hebert may be imposed through their role as co-conspirators. "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the

8

particular act. To prevail on a conspiracy claim under § 1983, the plaintiffs must show (1) the existence of a conspiracy involving state action, and (2) a deprivation of their civil rights in furtherance of the conspiracy." *Jones v. Bd. of Supervisors of the Univ. of La. Sys.*, No. Civ. 14-2304, 2016 U.S. Dist. LEXIS., at *12 (E.D. La. Feb. 26, 2016) (quoting and citing *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990)).

The Fifth Circuit has held that "an express agreement is not required to prove a conspiracy" and that "it is well-settled that circumstantial evidence may establish the existence of a conspiracy, as well as an individual's voluntary participation in it and a jury is free to infer the existence of a conspiracy from the presence, association, and concerted action of the defendant with others." *United States v. Bowen*, 818 F.3d 179 (5th Cir. 2016).

There is record evidence of specific occurrences of "presence, association and concerted action" involving Carter, Gressett and Hebert at various stages of the investigation in both supervisory and auxiliary roles to each other. (Specifically found at: Rec. Doc. 144-22, Carter Depo. 250:16-25,164:14-24, 207:5-25; Rec. Doc. 144-21, Carter Depo. 137:19-138:6,164:6-13, 162:9-15, 207:5-6). A reasonable jury could find that any purported wrongdoing committed by Carter could also implicate Gressett and Hebert. Gressett accompanied Carter throughout the investigation and would be privy to any wrongdoing committed by Carter (Rec.

9

Doc. 144-22, Carter Depo. 250:16-251:8). Furthermore, Sergeant Hebert's role in the investigation was more than merely signing off on Carter's reports. Sergeant Hebert was active in discussing with Carter each step of investigation and had the ability to influence Carter's behavior and how he ran the investigation. (See for example, Rec. Doc. 144-21, Carter Depo. 164:6-24). Discussions regarding the investigation could reasonably constitute actions in furtherance of a conspiracy. The relationship between the three parties and the actions taken by each that could have violated the constitutional rights of Plaintiffs are replete with material factual disputes and subject to reasonable divergent interpretations.

It would therefore be inappropriate for this Court to determine that any of these parties' actions are shielded by qualified immunity. It is up to the factfinder and not this court to resolve the factual issues that are in dispute regarding who, if any, violated the Plaintiffs' constitutional rights. The Defendants' Motions for Summary Judgment on behalf of Gressett and Hebert are inappropriate at this stage. The Defendants may raise these issues at trial upon a motion for judgment as a matter of law if they can proffer undisputed evidence as to Defendants Gressett and Hebert.

New Orleans, Louisiana, this 20th day of December, 2016.

SENIOR UNITED STATES DISTRICT JUDGE