**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DARRIN HILL, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.  13-2463** |
| **CITY OF NEW ORLEANS, ET AL.** | * | **SECTION: "B"** |
| | * | |
| | * | **MAGISTRATE: "3"** |
| *    *    *    *    *    *    *    * | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR STAY**
**PENDING INTERLOCUTORY APPEAL**

NOW COME Defendants, the City of New Orleans, Ronal Serpas, Arnesta Taylor, Cathey Carter, Allen Gressett, Joseph Hebert, and Daniel Waguespack, through undersigned counsel, who submit this Memorandum in Support of their Joint Motion For Stay Pending Interlocutory Appeal.

On December 21, 2016, this Honorable Court denied a motion for summary judgment on the grounds of qualified immunity filed by defendants Allen Gressett, Joseph Hebert, and Daniel Waguespack. *See* Rec. Doc. 193.  Defendants Gressett, Hebert, and Waguespack have filed a notice of appeal contemporaneously with the instant motion.

In denying qualified immunity for Mr. Gressett, Mr. Hebert, and Mr. Waguespack, the Court examined the conduct of each of these defendants but did not consider their conduct in

1

connection with each element of the Plaintiffs' Fourteenth Amendment claims.  In addition, the

Court did not determine whether Mr. Hill's plea agreement waived his Fourteenth Amendment

claims pursuant to *United States v. Ruiz*, 536 U.S. 622 (2002).  Accordingly, a stay is necessary

for the Fifth Circuit to review these questions of law.

Trial in this matter is scheduled on February 6, 2017.  The notice of appeal by defendants

Gressett, Hebert, and Waguespack will divest the Court of jurisdiction over the aspects of the

case that are under review. *See Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007).

Although the Court "may still proceed with matters not involved in the appeal," *id.*—in this case,

the Plaintiffs' state law claims against defendants Gressett, Hebert, Waguespack, and the City of

New Orleans and the federal and state law claims against defendant Carter—all defendants

respectfully request that the Court stay the proceedings until the interlocutory appeal by

defendants Gressett, Hebert and Waguespack is resolved.

The Court has inherent authority to stay the remaining proceedings, "to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts considering whether to

grant a stay balance the following factors: "1) hardship and inequity on the moving party without

a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial

economy." *Falgoust v. Microsoft Corp.*, No. 00-CV-0779, 2000 WL 462919, at *2 (E.D. La.

Apr. 19, 2000).

With respect to the first two factors, all parties will suffer additional hardship and

expense if this matter must be tried more than once.  If the case is not stayed, a separate trial may

be necessary for the Plaintiffs' 14th Amendment claims against defendants Gressett, Hebert, and

Waguespack.

The third factor—judicial economy—also weighs heavily in favor of a stay. The underlying facts as between the matters on appeal and the matters for trial are identical; a stay would permit a single trial on all then-remaining claims, thereby conserving judicial and party resources. *See, e.g.*, *Walton-Lentz v. Innophos, Inc.,* No. 08-CV-601, 2011 WL 1648668, at *2 (M.D. La. Apr. 29, 2011) (granting stay of trial pending interlocutory appeal, over plaintiff's objection, where "interrelation of the factual allegations between plaintiff's purported hostile work environment claim and her retaliatory discharge claim make separate trial of these claims undesirable, especially with respect to availability of witnesses and costs of travel"). It is also possible, given the overlap in Plaintiffs' theories of liability, that the Fifth Circuit's decision will assist the parties and the Court at any trial in this matter.

All defendants agree that it is in the interests of justice for all potential claims to be tried together. For these reasons, the defendants respectfully request that the Court stay this matter until the interlocutory appeal filed by defendants Gressett, Hebert, and Waguespack is resolved.

Respectfully submitted,

*/s/ William P. Gibbens*

William P. Gibbens, 27225
Kyle Schonekas, 11817
Jake Weixler, 36076
SCHONEKAS, EVANS, MCGOEY &
    MCEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile:  (504) 680-6051
Kyle@semmlaw.com
Billy@semmlaw.com
Jake@semmlaw.com

Attorneys for the City of New Orleans

*/s/ Mary Katherine Kaufman*
Mary Katherine Kaufman, 32719
Assistant City Attorney
1300 Perdido Street, Room 5E03
New Orleans, Louisiana  70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9896
Mktaylor@nola.gov

Attorney for the City of New Orleans,
Cathey Carter, Allen Gressett, Joseph
Hebert, and Daniel Waguespack

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2016 I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ William P. Gibbens*
WILLIAM P. GIBBENS